VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-155



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2022

In re Appeal of L.R.M.\*

}  APPEALED FROM:
}  Human Services Board
}  CASE NO. B-12/21-718

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from a Human Services Board order dismissing his expungement request and denying his request to reopen his 2017 substantiation for abusing his son.  We affirm.

In 2017, petitioner was substantiated for physically abusing his son and his name was placed on the Child Protection Registry.  This decision became final in 2017 following petitioner's unsuccessful appeal to the Board.

In September 2021, petitioner asked the Department for Children and Families (DCF) to expunge and remove his name from the registry.  He indicated that he was sorry for his behavior and offered various explanations for why it occurred.  DCF advised petitioner that he was not eligible to petition for expungement because seven years had not elapsed from his substantiation as required by 33 V.S.A. § 4916c(a)(1).  In December 2021, petitioner requested a fair hearing.  DCF moved to dismiss the appeal for lack of jurisdiction.  The Board construed petitioner's response as seeking expungement and also requesting that the 2017 substantiation be reopened.

As to expungement, the Board cited 33 V.S.A. § 4916c(a)(1), which provides that "[a] person whose name has been placed on the registry on or after July 1, 2009 and has been listed on the Registry for at least seven years may file a written request with the Commissioner seeking a review for the purpose of expunging an individual Registry record."  Notwithstanding this language, DCF assesses those listed on the registry to determine their future risk of harm.  See id. § 4916(d) (stating that DCF must create "system of child protection levels . . . based upon an evaluation of the risk the person responsible for the abuse or neglect poses to the safety of children"); id. § 4916(e)(1), (2) (providing that "Commissioner shall develop rules for the implementation of a system of Child Protection Registry levels for substantiated cases," which must address, among other things, "the length of time a person's name appears on the Registry" and "when and how names are expunged from the Registry").  As relevant here, individuals assessed at the highest risk level, "Child Protection Level 1," can petition for expungement seven years after being substantiated; individuals designated as Level 2 can petition for expungement three years after being substantiated.  See DCF, Family Servs. Div. Policy Manual, Substantiating Child Abuse and Neglect, Policy No. 56, at 9 (eff. March 1, 2019) https://outside.vermont.gov/dept/     DCF/Shared%20Documents/FSD/Policies/Policy56.pdf [https://perma.cc/JG38-AWSY].  Petitioner was designated as Level 1 and consequently needed

to wait seven years before requesting expungement, or until February 2024. The Board thus dismissed this portion of petitioner's appeal for lack of jurisdiction.

Turning to the motion to reopen, the Board explained that under its rules, a party could move to reopen and reconsider an order within thirty days of its issuance upon a showing of good cause. Human Services Board, Fair Hearing Rule 1000.4(K), Code of Vt. Rules 13-020-002, https:// humanservices.vermont.gov/sites/ahsnew/files/fair-hearing-rules-1.pdf [https://perma.cc/KB6Q-BQA3] ("Within 30 days of the Board's issuance of any order, a party may move the Board to reopen and reconsider that order. . . . Such motions shall be granted only upon a showing of good cause . . . ."). The Board found petitioner's request untimely. It further found that petitioner failed to show good cause why the decision should be reopened or explain why he delayed so long in filing his request. The Board thus denied the motion to reopen. This appeal followed.

On appeal, petitioner challenges the merits of the 2017 substantiation in his brief. He asserts that the substantiation decision contains a factual error with respect to whether he was being criminally prosecuted for abusing his son and that, absent this error, he would not have been substantiated. He also asserts that the DCF Commissioner erred in his review of the substantiation in 2017. Respondent maintains that he was subjected to hardship due to these errors.

These arguments appear to be raised for the first time in this appeal. In any event, we are not reviewing the merits of the 2017 substantiation in this case. The order on appeal is the Board's dismissal of petitioner's expungement petition for lack of jurisdiction and its denial of petitioner's motion to reopen. We review questions of law, such as dismissal for lack of jurisdiction, de novo. See In re R.W., 2011 VT 124, ¶ 34, 191 Vt. 108 (recognizing that question of jurisdiction is one of law that this Court reviews de novo). We otherwise defer to the Board's decision on appeal and "[o]ur review is . . . limited to whether the Board applied the proper legal standard, whether the evidence before the Board reasonably supports its findings, and whether the Board's findings reasonably support its conclusions." In re E.C., 2010 VT 50, ¶ 6, 188 Vt. 546 (mem.).

Petitioner fails to show that the Board erred in reaching its conclusions here. He raises no challenge to the dismissal of his expungement request, a result plainly required by 33 V.S.A. § 4916c(a)(1). The Board's denial of petitioner's motion to reopen is supported by its findings and by the record. As set forth above, the Board found the request untimely and otherwise without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice